**UNITED STATES of America and Donald C. Taylor, Special Agent, Internal Revenue Service, Petitioners,**

v.

**William L. NELSON, Respondent.**

**Civ. A. No. M–74–178.**

United States District Court,
M. D. North Carolina.

April 11, 1974.

N. Carlton Tilley, U.S. Atty., Greensboro, N.C., for petitioners.

Norwood Robinson, Winston-Salem, N.C., for respondent.

## OPINION

GORDON, Chief Judge.

This matter came on to be heard before the Honorable Eugene A. Gordon, Chief Judge of the United States District Court for the Middle District of North Carolina, upon petition of the United States of America and Donald C. Taylor, Special Agent, Internal Revenue Service, wherein the Petitioners prayed that the Court enter an order directing the Respondent, William L. Nelson, (a) to show cause why he should not comply with and obey an Internal Revenue Summons, (b) to produce certain records, and (c) to give testimony as called for in the Summons served on Respondent by the Petitioners; and, the Court having considered the Summons, the Petition to Enforce Internal Revenue Summons, the evidence presented, and the arguments of counsel, makes the following Findings of Fact, Conclusions of Law and Orders:

### FINDINGS OF FACT

1. The United States Internal Revenue Service is engaged in an audit of the Federal income tax returns for Madge Lee Belk Roberts for the years 1967 through 1972, inclusive.

2. William L. Nelson is an attorney, duly licensed to practice law in the State of North Carolina and is a partner in the law firm of Nelson, Clayton, Boyles & Rascoe, 123 Fayette Street, Winston-Salem, North Carolina, 27101.

3. Donald C. Taylor is a Special Agent with the United States Internal Revenue Service.

4. On September 13, 1973, Donald C. Taylor issued a Summons in the matter of the tax liabilities of Madge Lee Belk Roberts to William L. Nelson wherein the Respondent was required to appear

before Donald C. Taylor to give testimony relating to the tax liabilities of Madge Lee Belk Roberts and to produce for examination all documents in the possession of the Respondent relating to all financial transactions involving Madge Lee Belk Roberts, et al, including transactions in the names of nominees, to include, but not limited to, cancelled checks, deposit tickets, real estate settlement sheets, and any accounting sheets involving the handling of any funds by or on behalf of any of the above. The Respondent was ordered to appear before Special Agent, Donald C. Taylor, on the 24th day of September, 1973.

The Respondent refused to appear in compliance with said Summons, it being his contention that all of the documents which he had in his possession and knowledge of facts to be elicited from him were privileged, having been obtained by the Respondent as a consequence of his employment as an attorney by the taxpayer, Madge Lee Belk Roberts, and at a time when the attorney/client relationship existed between the Respondent and the taxpayer.

5.  On the 7th day of January, 1974, the Petitioners instituted this Civil Action by filing a Petition to Enforce Internal Revenue Summons, wherein Petitioners asked this Court to enter an order directing the Respondent, William L. Nelson, to comply with the Summons hereinbefore referred to.

Attached to the Petition was an affidavit signed under oath by Donald C. Taylor wherein he states, among other things, that he is a duly commissioned Special Agent with the Internal Revenue Service; that he has under investigation the Federal income tax returns of Madge Lee Belk Roberts for the years 1967 through 1972, inclusive; that he had issued and served a Summons on William L. Nelson as hereinbefore set forth; that the Respondent failed and refused to appear; and, that the testimony and documents demanded by the Summons are necessary for a determination of the Federal income tax liabilities of the taxpayer.

Pursuant to said Petition and Affidavit, this Court on January 7, 1974, issued an order directing that William L. Nelson appear before Donald C. Taylor at 9:00 A.M. on January 21, 1974, to give testimony and failing thereof, to appear before this Court at 2:00 P.M. on February 1, 1974, to show cause why he should not be compelled to testify and produce said records.

6.  The Respondent did not appear on January 21, 1974 but appeared before this Court as directed at 2:00 P.M. on February 1, 1974, and at said time was represented by Attorney Fred G. Crumpler, Jr. of Winston-Salem, North Carolina, who also represented the taxpayer, Madge Lee Belk Roberts. Attorney Crumpler represented to the Court that his client, Madge Lee Belk Roberts, contended that the testimony and documents which the Petitioners sought to obtain from the Respondent are privileged and that she had directed the Respondent not to divulge such information either in the form of testimony or written documents. Attorney Crumpler further stated to the Court that the Respondent was of the opinion that the information which the Petitioners were attempting to obtain from him was privileged; that the information had been obtained by him in his role as an attorney for Madge Lee Belk Roberts; and, that he was of the opinion that it would be improper for him to comply with the Summons and reveal such information without an Order of this Court to do so. At this hearing the Court considered the arguments of counsel for the Petitioners and the arguments of counsel for the Respondent; various conferences were held between the Attorneys for the Petitioners and the Respondent; and, it appeared to the Court that there was a possible conflict of interest insofar as the attorney, Fred G. Crumpler, Jr., was concerned in repre-

senting both the taxpayer, Madge Lee Belk Roberts, and the Respondent, William L. Nelson. This matter was thereupon continued to February 19, 1974, and subsequently continued to February 22, 1974, to allow the Respondent, William L. Nelson, to obtain another attorney.

7. On February 22, 1974, a hearing in this matter was held before the undersigned in Greensboro, North Carolina. The Petitioners were represented by James H. Jeffries, III, the taxpayer, Madge Lee Belk Roberts, was represented by Fred G. Crumpler, Jr., and the Respondent, William L. Nelson, was represented by Norwood Robinson. The Respondent, through counsel, stated to the Court that the Respondent had in the courtroom in a sealed envelope all of his records relating to any and all matters and transactions which he had had with the taxpayer, along with a sworn affidavit setting forth the important facts and circumstances relating to his association and employment by the taxpayer; that in the opinion of the Respondent and his attorney, the matters which the Petitioners attempted to elicit or obtain from the Respondent were privileged; that the taxpayer had refused and continues to refuse to permit the Respondent to testify and deliver the documents according to the Summons of the Petitioners; and, that the Respondent continues to refuse to comply with the Summons unless ordered to testify and produce the documents by the Court.

8. This Court then ordered, over the objection of the Respondent and the taxpayer, Madge Lee Belk Roberts, that the Respondent deliver to him the affidavit and documents hereinbefore referred to. The Respondent complied with the direction of this Court. At this hearing the Petitioners delivered to the Court photostatic copies of certain records involving the taxpayer which counsel for the Petitioners stated to the Court had prompted the issuance of the Summons in the first instance, it being the contention of the Petitioners that it was necessary for them to have all information relating to such real estate transactions made available to the Petitioners in order for them to properly conduct an investigation of the tax liabilities of the taxpayer.

9. After the adjournment of the hearing and in chambers, the Court reviewed and studied the documents delivered under claim of attorney/client privilege, and over objection, the Court is of the opinion that at all times pertinent to this inquiry, Madge Lee Belk Roberts was a client of the Respondent, William L. Nelson; that William L. Nelson is a member of the Bar of the State of North Carolina, licensed to practice before the Supreme Court of North Carolina and the United States District Court for the Middle District of North Carolina; that in connection with the oral and written communications and documents which the Petitioners were attempting to obtain, William L. Nelson was acting as a lawyer for Madge Lee Belk Roberts; that the communications and documents related to facts of which the attorney was informed by Madge Lee Belk Roberts without the presence of strangers for the purpose of seeking opinions of law and legal services and not for the purpose of committing a crime or tort; and, the attorney/client privilege has been claimed and not waived by the client.

## CONCLUSIONS OF LAW

The attorney/client privilege existed between Madge Lee Belk Roberts, the taxpayer, and William L. Nelson, the Respondent, at all times pertinent to this inquiry; that the testimony and documents which the Petitioners attempt to obtain were received by William L. Nelson in his role as the attorney for the taxpayer; and, the attorney/client privilege bars the enforcement of the Summons at issue in this case.

"ORDER"

Now, therefore, it is ordered that the relief prayed for in the Petition is denied; that the documents found to be privileged heretofore presented to this Court, over objection, be returned to the Respondent; and, that the costs of this action are taxed against the Petitioners.