**UNITED STATES of America and Donald C. Taylor, Special Agent, Internal Revenue Service, Appellants,**

v.

**William L. NELSON, Appellee.**

**No. 74–1784.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1975.

Decided Feb. 10, 1975.

Daniel F. Ross, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Div., U. S. Dept. of Justice, and Norwood C. Tilley, Jr., U. S. Atty., on brief), for appellants.

Norwood Robinson, Winston-Salem, N. C. (Hudson, Petree, Stockton, Stockton & Robinson, Winston-Salem, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

The existence of an attorney-client privilege *vel non* in this income tax matter is the gravamen of this appeal.

Special Agent Donald Taylor of the Internal Revenue Service on September 24, 1973 summoned appellee William Nelson, an attorney, pursuant to 26 U.S.C. § 7602, to give testimony and produce documents relating to all financial transactions of Madge Lee Belk Roberts, Nelson's client. He declined to appear and relinquish the papers, interposing the attorney-client privilege on behalf of Roberts.

On the petition of the United States and Special Agent Taylor the District Court ordered Nelson to come before it and show cause why he should not be compelled to submit this data to the Special Agent. 26 U.S.C. § 7604(a). Appearing, Nelson brought with him a sealed envelope containing all of his records of Roberts' finances and an affidavit spelling out the relationship between him and his client. Over Nelson's objection the District Judge inspected the contents of the envelope *in camera*. He determined that the material was privileged.

Appellants, Taylor and the United States, now press upon this court that the *in camera* inspection of the papers was improper and that Nelson's testimony should have been taken at the show cause hearing with respect to each and every document asserted to be privileged. Actually, however, Taylor's lawyer at no time during the hearing sought to elicit the testimony of Nelson. Indeed, Taylor impliedly consented to the procedure adopted by the District Court by providing photostatic copies of certain records in his possession to compare with those submitted by Nelson.

The ruling of the District Court will be affirmed for the reasons stated in its opinion, United States of America and Taylor v. Nelson, 65 F.R.D. 563 (M.D.N.C. 1974).

Affirmed.